**UNITED STATES of America, Appellee,**

v.

**Bruce Wayne JOHNSON, Appellant.**

No. 79–1997.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1980.

Decided Feb. 19, 1980.

Walter L. Brady, Jr., St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty. and Evelyn M. Baker, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction on three counts of illegal possession of firearms under 18 U.S.C. app. § 1202(a)(1) and 26 U.S.C. § 5861(d) and (i). The sole issue is whether the district court [1] erred in denying the defendant's post-trial motion to strike testimony from the record and suppress evidence. We affirm.

The defendant concedes that a motion to suppress was not filed prior to trial as is required by Rule 12(b)(3) and Rule 41 of Fed.R.Crim.P. Failure to file such a motion prior to trial constitutes a waiver of that defense. Rule 12(f), Fed.R.Crim.P. The defendant contends, however, that the district court abused its discretion in denying him relief from the waiver. He argues that

---

1. The Honorable H. Kenneth Wangelin of the Eastern District of Missouri.

inadvertence of counsel and/or the plain error doctrine are sufficient causes for the court to have granted the requested relief.

We disagree. It is apparent that, at the end of trial, the defendant changed his trial strategy (and added new counsel). At trial, his defense was to attack the sufficiency of the evidence. After trial, he attempted a defense strategy of suppressing the evidence. We cannot say, on this record, that the district court abused its discretion in holding that there was no good cause compelling it to grant relief of the waiver.

The district court is affirmed.