UNITED STATES of America, Plaintiff,

v.

Carl Angelo DeLUNA, et al., Defendants.

Nos. 83–00124–01–CR–W–8, 83–00124–04–CR–W–8, and 83–00124–07–CR–W–8 to 83–00124–15–CR–W–8.

United States District Court, W.D. Missouri, W.D.

Aug. 19, 1985.

Oscar B. Goodman, Las Vegas, Nev., and Byron N. Fox, Kansas City, Mo., for Carl Angelo DeLuna.

David W. Russell, Kansas City, Mo., for Carl Wesley Thomas.

Santo J. Volpe and Allan A. Ackerman, Chicago, Ill., for Joseph John Aiuppa.

Charles Norman Shaffer, Peter I.J. Davis, Rockville, Md., Jack P. Cerone, Chicago, Ill., Joseph DiNatale, Oak Park, Ill., for John Phillip Cerone.

Judith Halprin and Frank Oliver, Chicago, Ill., for Joseph Lombardo.

Gerald M. Werksman, Chicago, Ill., John J. Momot and Oscar B. Goodman, Las Vegas, Nev., for Anthony John Spilotro.

Louis Carbonaro, Chicago, Ill., for Angelo LaPietra.

Alan P. Caplan, San Francisco, Cal., and Thomas Rockman, Cleveland, Ohio, for Milton John Rockman.

Russell L. Stewart, Lynn Ellen Hackbarth, Milwaukee, Wis., for John Joseph Balistrieri.

Joseph P. Balistrieri, Milwaukee, Wis., for Joseph Phillip Balistrieri.

Glenn C. Reynolds, Madison, Wis., and Philip L. Atinsky, Milwaukee, Wis., for Frank Peter Balistrieri.

## ORDER

STEVENS, District Judge.

Before the court is defendant Anthony Spilotro's motion for reconsideration of this court's August 6, 1985 order denying him leave to file a motion to suppress eighty-one wiretapped conversations. In his motion for reconsideration, defendant argues that 18 U.S.C. § 2518(10)(a) provides ample authority for his filing the proposed motion to suppress approximately nine months after the motion deadline set by this court and six months after suppression hearings were held in this action. Specifically, defendant argues that he must be excused from the court's deadlines since he was "not aware of the grounds of the motion." For reasons explained in this court's August 6, 1985 order and further discussed in this order, defendant's motion will be denied.

### Facts

The government filed its indictment of this action on September 30, 1983. On October 26, 1983, Chief Magistrate Calvin K. Hamilton ordered defendants to file all pretrial motions on or before November 23,

1983. Pursuant to a Memorandum of Understanding reached between all parties and adopted by this court in its February 9, 1984 order, the deadline for discovery motions was extended to May 15, 1984 and the deadline for suppression motions was extended to November 1, 1984. On October 26, 1984, this court granted defendants' motion to extend the deadline for the filing of motions to suppress to December 3, 1984. On December 3, 1984, this court again granted defendants' request to extend the deadline, this time to December 5, 1984.

All defendants, including Spilotro, filed suppression motions. Perhaps because much of the evidence which the government seeks to introduce has been reviewed in other actions and by other courts, or perhaps because it was "overlooked," no defendant in this action alleged that the government in its surveillance violated the minimization standards of Title III and no defendant argued that the government failed to comply with 18 U.S.C. § 2517(5).[1] In any case, on March 5, 1985, this court, having completed a careful review of the evidence presented and the arguments pursued by defendants, notified the parties of its intent to deny defendants' motions to suppress.

Defendant Spilotro has been represented by competent counsel throughout these proceedings and, for purposes of pretrial preparation, he is now represented by three attorneys. Oscar Goodman, a well-known Las Vegas defense attorney entered his appearance on defendant's behalf on November 10, 1983. On March 19, 1984, this court, without *written* objection from defendant, disqualified Goodman as *trial* counsel because of various conflicts of interests. John Momot, another experienced lawyer, entered his appearance on June 27, 1984. Because Momot previously represented one prospective government witness, the court, at defendant's suggestion, ordered defendant to retain separate counsel for the cross-examination of that witness. This counsel was to enter his appearance on or before September 1, 1984. *See Order*, filed July 31, 1984. Momot was otherwise allowed to remain as defendant's trial counsel. Gerald Werksman entered his appearance, not on September 1, 1984 as ordered by the court, but on March 1, 1985.

Werksman's affidavit, filed in support of defendant's August 9, 1985 motion for reconsideration states in pertinent part:

It was not until late April that it occurred to me that the conversations the government intended to offer against my client were the result of wiretaps which took place in Las Vegas five years before the indictment in this case was returned. I then reviewed again the files in [another defense attorney's] office as well as all of Mr. Goodman's materials to find the appropriate order under Title 18, Section 2517(5). When I was unable to find the order, I asked Mr. Goodman whether he had ever filed a pre-trial motion based upon violation of Section 2517(5). Mr. Goodman told me that it had never occurred to him.

It was not directly after the April discovery, however, but "in early June" that Werksman called the government and indicated that he was unable to locate any order issued pursuant to section 2517(5) for the 1978 Las Vegas wiretaps. In response, the government indicated that it believed such an order has been produced but noted that no formal request for it had been made. It then suggested that defendant file an appropriate motion for its production. Defendant filed a motion, not in early June, but on June 27, 1985. This motion was a "waste of time" because it asked for production of a Section 2517(5) application and order for conversations recorded in 1979. On July 10, 1985, defendant recognized his error and filed an "appropriate motion" for production. On July 16, 1985, this motion was rendered moot because the government, while it opposed defendant's motion as "untimely," attached the requested application and order.

---

**1.** These arguments form the basis of defendant's proposed motion to suppress.

Thereafter, on July 31, 1985, defendant Spilotro sought leave to file a motion to suppress eighty-one wiretapped conversations and requested that further suppression hearings be conducted. Defendant's July 31, 1985 motion was unsupported by any legal authority. Rather, counsel expressly apologized for the lateness of the filing. The court denied defendant's motion for leave to file the motion out of time and, on August 9, 1985 defendant filed the motion for reconsideration which is presently at issue.

On August 13, 1985, the court heard oral arguments on defendant's motion for reconsideration. In those arguments, defendant explained that his new motion to suppress would be based upon the government's alleged failure to make a 2517(5) application "as soon as practicable" and the government's alleged violation of the minimization requirements of Title III. In response, the government stated that it was not "practicable" to make the 2517(5) application prior to 1983 because, until other evidence was obtained, the 1978 conversations did not appear relevant to the current action. While this court declines to discuss the merits of defendants proposed motion to suppress, it now reaffirms its former position that good cause does not exist to allow defendant to file his untimely motion and to reopen suppression hearings two weeks before trial.

### Discussion

Contrary to defendant's original motion for leave to file out of time a motion to suppress, defendant in his motion for reconsideration argues that his motion would *not* be untimely. His sole authority for this proposition is 18 U.S.C. § 2518(10)(a). 18 U.S.C. § 2518(10)(a) states that all motions to suppress "shall be made before trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion."

It is undisputed that defendant's motion exceeds the court's deadline and that defendant failed to move for any further extension on or before December 5, 1984. It is further undisputed that defendant's motion was not made before the suppression hearings in this action were actually held. However, defendant argues that under 18 U.S.C. § 2518(10)(a) his actions are excused since he was "not aware of the grounds of the motion." We disagree.

■ 18 U.S.C. § 2518(10)(a) must be read *in pari materia* with the Federal Rules of Criminal Procedure. Fed.R.Crim.P. 41(f) states that "a motion to suppress evidence may be made in the court of the district of trial as provided in Rule 12." The relevant provisions of Fed.R.Crim.P. 12, as amended in 1975, are as follows:

Rule 12. Pleadings and Motions Before Trial; Defenses and Objections

(b) *Pretrial Motions.* Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion.... The following must be raised prior to trial:

. . . .

(3) Motions to suppress evidence;

. . . .

(c) *Motion Date.* Unless otherwise provided by local rule, the court may, at the time of the arraignment or as soon thereafter as practicable, set a time for the making of pretrial motions or requests and, if required, a later date of hearing.

. . . .

(f) *Effect of Failure To Raise Defenses or Objections.* Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

Pursuant to Rule 12(c) the court may "set a time for the making of pretrial motions or requests" and it is clear that the defendant and, as appropriate, the government have an obligation to comply with the

motion dates set by the court pursuant to this subdivision. Advisory Committee Note to the 1975 Amendment to Rule 12(f). *See also* 1 C. Wright, *Federal Practice and Procedure* Criminal 2d § 193 at 697, n. 22 (2d ed. 1982). Further, the Advisory Committee Notes to the 1975 amendment of Rule 12(f) (hereinafter the Committee Notes) explain that failure to make the motion 'at the time set by the court' pursuant to subdivision (c) or prior to any extension "constitutes a waiver thereof, but the court is allowed to grant relief from the waiver if adequate cause is shown." *See* 1 C. Wright, *Federal Practice and Procedure* Criminal 2d, § 192 at 691 and § 193 at 697, n. 22; *United States v. Mangieri,* 694 F.2d 1270, 1282 (D.C.App.1982).

The Committee Notes reveal the purpose of Rule 12—it is "designed to make possible and to encourage the making of motions prior to trial, whenever possible, and in a single hearing rather than in a series of hearings." As the Eighth Circuit has explained, Rule 12 time limits are necessary since "for trials to proceed expeditiously, evidentiary questions must be resolved promptly." *United States v. White,* 718 F.2d 260, 262 (8th Cir.1983). Further, pretrial disposition of motions to suppress gives to the government and defendants the "time and flexibility to change [their] theory of the case" and their trial strategy in accordance with the court's decision. *United States v. Worthington,* 698 F.2d 820, 823–24 (6th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 109, 83 L.Ed.2d 53 (1984). In summary, the timely filing and disposition of such motions are critical to the "orderly and fair administration of the criminal justice system itself." *United States v. Sisca,* 503 F.2d 1337, 1349 (2nd Cir.1974), *cert. denied,* 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974).

■ "[G]iven the intricacies of trial scheduling and crowded dockets, and the desirability of deciding questions of government misconduct not relevant to the issue of guilt prior to trial, courts are understandably reluctant to grant relief except in unusually meritorious cases for un-

timely motions under Rule 12(f)." *United States v. Mangeiri,* 694 F.2d at 1283. *See also* 1 C. Wright, *Federal Practice and Procedure:* Criminal 2d 193 at 698, 703 n. 36 (concluding that courts rarely grant relief from Rule 12(f) "waivers"). Where defendant has been represented throughout the proceedings by counsel, the addition or substitution of new counsel does not constitute good cause compelling a court to grant relief from defendant's waiver. *See United States v. Johnson,* 614 F.2d 622, 623 (8th Cir.1980); *Brooks v. United States,* 416 F.2d 1044, 1047–48 (5th Cir. 1969), *cert. denied,* 400 U.S. 840, 91 S.Ct. 81, 27 L.Ed.2d 75 (1970). Further, courts generally reject defense arguments that "additional discovery" disclosed after the deadline was a necessary predicate to the filing of a late motion. *See United States v. Childress,* 721 F.2d 1148, 1151 (8th Cir. 1983), *cert. denied,* 464 U.S. 1063, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984) (defendant failed to establish good cause for Rule 12(f) relief based upon the government's alleged failure to supply defendant with a police report); *United States v. Mangeiri,* 694 F.2d at 1283–84 (since several clues pointed to a need to undertake some basic discovery and since there was no reason to believe the government would have blocked any such inquiries or discovery, defendant's argument that he could not have discovered the government's allegedly illegal conduct earlier through due diligence was without merit); *United States v. Grandmont,* 680 F.2d 867, 872–73 (1st Cir.1982) (fact that defendant did not have affidavit for probable cause in his possession prior to trial was not grounds for relief under Rule 12(f) since government disclosed to defendant search warrant and the items seized one and half months before trial, and since counsel could have obtained the affidavit underlying the warrant had he requested it); *United States v. Geelan,* 509 F.2d 737, 740 (8th Cir.1974), *cert. denied,* 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 666 (1975) (where there was no showing that defendants were misled or that needed information was withheld, and where defendants could have ascertained the facts necessary

for their motion through a simple inquiry, defendant did not exercise due diligence in discovering the grounds of his motion).

■ In this action, defendant was provided with the original applications for probable cause, the Title III orders authorizing surveillance, and rough transcripts of the conversations intercepted over a year and a half ago. It is readily apparent from the face of those documents that a section 2517(5) application and order authorizing use of the 1978 Las Vegas conversations in the prosecution of this action was necessary. Indeed, defense counsel Werkman's affidavit indicates that he was aware of a possible section 2517(5) argument following his review of the warrant and original Title III order but prior to his review of the section 2517(5) application and order. *See* p. 536, *supra.* Thus, even if the government had not produced the 2517(5) application and order at issue, no good excuse exists for defendant's failure to request its production in a timely fashion. Where such facts are readily apparent, this court assumes that defendant's failure to seek production or to object promptly was simply a matter of "trial strategy." *See United States v. Sisca,* 503 F.2d at 1349 (defendant failed to raise minimization issue in a pretrial motion notwithstanding that he was well aware of the factual basis for a motion to suppress for failure to minimize); *United States v. Echols,* 577 F.2d 308 (5th Cir.1978), *cert. denied,* 440 U.S. 939, 99 S.Ct. 1288, 59 L.Ed.2d 499 (1979) (where facts were apparent on the face of the warrant issued two years prior to trial and where the trial court had set pretrial motion deadline one year prior to defendant's filing of a motion to suppress, defendant's motion to suppress filed six days before trial was properly denied as untimely); *United States v. Williams,* 421 F.2d 529, 532 (8th Cir.1970) (late filing of defendant's motion was a "dilatory challenge ... a fishing expedition ... [and] a diversionary

tactic designed to obtain yet another delay").

*United States v. Long,* 88 F.R.D. 701 (D.C.Pa.1981), *aff'd,* 676 F.2d 688 (3rd Cir. 1982), *cert. denied,* 459 U.S. 828, 103 S.Ct. 64, 74 L.Ed.2d 66 (1982) is analogous to the case at bar. That case, like this one, was a complex case with multiple defendants. The court's deadline for the filings of motions was October 1, 1980. Defendants in fact filed over one hundred motions. Hearings were held pursuant to these motions and determination of them occupied a good portion of the court's time. In early October, an investigation ensued into facts surrounding the grand jury process. Nevertheless, defendant Long did not seek to extend the motion deadline. In November, at the latest, grounds for a new motion were apparent, but Long waited until December 29, 1980, to file the disputed motion. Given these facts and the court's docket, the court concluded that the motion was intended to delay the trial. Defendant's motion filed a month before trial was therefore denied as untimely pursuant to Rule 12(c) and 12(f) as well as 28 U.S.C. § 1867(a).

In enacting 18 U.S.C. § 2518(10)(a) and Fed.R.Crim.P. 12(f), Congress provided for relief from deadlines in the court's discretion and particularly in those limited instances in which a defendant could not have been aware of the grounds for a motion prior to the deadline. Contrary to defendant's assertions, mere inadvertence or unjustified ignorance does not provide cause for relief.[2] If inexcusable inadvertence could legally justify defendant's actions, the time provisions of 12(c), 12(f) and 18 U.S.C. § 2518(10)(a) would be meaningless.

In summary, defendant Spilotro was represented by competent counsel throughout these proceedings. He has been afforded numerous opportunities to file motions to

---

**2.** This is not inconsistent with the Eighth Circuit's ruling in *United States v. Scavo,* 593 F.2d 837 (8th Cir.1979), which merely holds that a party who never asserts ignorance of the grounds of an untimely motion will have

waived his rights under 18 U.S.C. § 2518(10)(a) to thereafter assert a section 2517(5) argument. *See also In re Application of Kansas City Star Co.,* 527 F.Supp. 70, 77–78 (W.D.Mo.1981).

suppress and, in fact, he has filed several motions which have been considered by this court. The facts herein presented, including the fact that "it did not occur" to counsel to argue the grounds now asserted in his proposed motion or that he was "unaware" of the grounds until the government produced the section 2517(5) application and order do not provide good cause for relief under Rule 12(f) or 18 U.S.C. § 2518(10)(a) since defendant by due diligence could easily have discovered the necessary facts prior to December 5, 1984. Further, this court will not exercise its discretion to grant defendant leave to file his proposed motion less than one month before trial of eleven remaining defendants since to do so would disrupt the orderly administration of this complex action and could delay trial. Accordingly, defendant's motion for reconsideration is DENIED.