No. 97-114

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 75


STATE OF MONTANA,

Plaintiff and Respondent,

v.

BENJAMIN JOSEPH GRIFFING,

Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Bruce L. Hussey, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana


Robert L. Deschamps, III, Missoula County Attorney, Missoula
Montana


Submitted on Briefs: December 18, 1997

Decided:    April 7, 1998
Filed:


_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Benjamin Joseph Griffing (Griffing) appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on a jury verdict convicting him of negligent homicide and, specifically, from the District Court's denial of his motion to suppress evidence obtained during the investigation of a one-vehicle traffic accident.  We affirm.

¶2    The sole issue on appeal is whether the District Court erred in denying Griffing's mid-trial motion to suppress.

BACKGROUND

¶3    At 2:50 a.m. on March 30, 1996, Deputy Sheriff Howard Reed (Deputy Reed) received a call that an accident had occurred on Highway 12 near Lolo, Montana. Griffing's truck had left the highway, broken two fenceposts and landed upside down.  One of the fenceposts pierced the windshield, passed through the steering wheel, and struck the passenger, Gordon Wylie (Wylie).  Deputy Reed found Griffing at the scene of the accident. Griffing told Deputy Reed that he was afraid he had killed his best friend and, indeed, Wylie was dead by the time Deputy Reed arrived.

¶4    Highway Patrol Officer Iva May Johnston (Officer Johnston) arrived at the scene about an hour after Deputy Reed.  She talked with Griffing briefly and asked him to sit in the front seat of her vehicle while she observed the accident scene.  She returned to her vehicle several times and, noting the smell of alcohol, asked Griffing if he had been drinking. Griffing responded that he had been drinking and, upon request, described how the accident occurred.  Officer Johnston inquired how much Griffing had to drink and whether he would take a breathalyzer test.  Griffing consented to the test and Officer Johnston drove Griffing to the Missoula City Police Department (the Department) for the test.  Griffing was not under arrest at the time and Officer Johnston did not ask him any additional questions until they reached the Department.

¶5    At the Department, Officer Johnston informed Griffing that she was turning on the videotape and read the implied consent form to him.  Griffing signed the implied consent form and verbally agreed to take a breathalyzer test.  Another officer administered the test and, upon receiving the results, Griffing requested a blood alcohol test.  Officer

Johnston then read Griffing the Miranda warnings and began asking Griffing questions and administering the field sobriety tests. When Officer Johnston later offered to drive Griffing to the hospital for the blood alcohol test he had requested, Griffing chose not to have the test performed.

¶6  The State of Montana (State) charged Griffing by information with one count of negligent homicide as a result of Wylie's death in the accident.  Prior to trial, Griffing moved to suppress the results of the breathalyzer test on the basis that his consent to the test had been coerced.  The District Court denied the motion.  During trial, Griffing orally moved to exclude and suppress all evidence obtained after he was asked to sit in Officer Johnston's vehicle, on the basis that it violated his Fourth Amendment rights, and for a mistrial.  The District Court denied Griffing's motions, the trial continued and the jury found Griffing guilty of negligent homicide.  The District Court entered its judgment and sentence and Griffing appeals from the denial of his mid-trial motion to suppress.

## STANDARD OF REVIEW

¶7  We review a district court's denial of a motion to suppress to determine whether the "findings of fact are clearly erroneous, and whether those findings were correctly applied as a matter of law."  State v. Greywater (1997), 282 Mont. 28, 36, 939 P.2d 975, 980 (citation omitted).  The district court's determination that a motion to suppress is untimely is a conclusion of law.  See Greywater, 939 P.2d at 980.  We review a district court's conclusions of law to determine whether they are correct.  Greywater, 939 P.2d at 980 (citation omitted).

## DISCUSSION

¶8  Did the District Court err in denying Griffing's mid-trial motion to suppress?

¶9  Griffing's motion to suppress all of the evidence was premised on his contentions that he was subjected to a custodial interrogation by Officer Johnston prior to being advised of his Miranda rights and that all subsequent evidence was fruit of the poisonous tree.  The State argued that the motion was untimely and, in any event, not well taken as a matter of law.  The District Court accepted the State's arguments--apparently including the

timeliness argument--and, in addition, observed that some of the reasons in its earlier order denying Griffing's motion to suppress applied and that it was unaware of any authority requiring officers to give Miranda warnings during the investigation of a traffic accident. Griffing contends that the District Court erred. He does not address the timeliness of his motion to suppress, however, and we conclude that his motion was untimely and, therefore, waived.

¶10 Section 46-13-101(1), MCA, generally requires that "any defense, objection, or request that is capable of determination without trial of the general issue must be raised at or before the omnibus hearing unless otherwise provided by Title 46." Motions to suppress expressly are among those pretrial matters which must be raised at or before the omnibus hearing. Section 46-13-110(3)(i), MCA; Greywater, 939 P.2d at 980. A party's failure to raise matters which are capable of determination without trial and required to be raised at or before the omnibus hearing constitutes a waiver. Section 46-13-101(2), MCA.

¶11 Moreover, we consistently have affirmed a district court's denial of an untimely motion to suppress under both current and predecessor statutes setting time requirements for such motions. See, e.g., Greywater, 939 P.2d at 980; State v. Hart (1982), 200 Mont. 185, 191, 650 P.2d 768, 772; State v. Briner (1977), 173 Mont. 185, 190, 567 P.2d 35, 38. Indeed, we recently held in Greywater that the defendant's motion, filed five days prior to trial, was untimely and upheld the district court's refusal to consider the motion. Greywater, 939 P.2d at 980.

¶12 Here, the omnibus hearing memorandum was filed June 4, 1996. It specifically indicated that Griffing would file motions to suppress his confession or admissions and physical evidence pursuant to §§ 46-13-301 and 46-13-302, MCA, respectively, by July 1, 1996. He filed only the motion to suppress the breathalyzer test result, discussed above, on the basis that his consent to the test was coerced. He did not move to suppress his statements to Officer Johnston and all evidence obtained thereafter. That motion was made during the course of trial. As a result, it was untimely and, pursuant to § 46-13-101(2), MCA, waived. We hold, therefore, that the District Court did not err in denying Griffing's mid-trial motion

to suppress.

¶13  Affirmed.

/S/   KARLA M. GRAY

We concur:

/S/   TERRY N. TRIEWEILER
/S/   WILLIAM E. HUNT, SR.
/S/   JAMES C. NELSON
/S/   W. WILLIAM LEAPHART