No. 02-155

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 265

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MARTIN LEE VonBERGEN,

Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Rosebud, Cause No. DC 2000-22,
Honorable Joe L. Hegel, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Brian Kohn, Attorney at Law, Billings, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

Michael B. Hayworth, County Attorney, Forsyth, Montana

Submitted on Briefs:   August 8, 2002

Decided:   September 30, 2003

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Appellant Martin Lee VonBergen (VonBergen) appeals the Sixteenth Judicial District Court's refusal to hear his pretrial suppression motion as untimely filed and waived. We affirm.

¶2     The sole issue presented upon appeal is whether the District Court erred when it denied as untimely Defendant's motion to suppress.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On September 18, 2000, Martin Lee VonBergen was charged with seven misdemeanors and one felony involving the poaching of a deer, possession of drugs and drug paraphernalia, and theft. The District Court held an omnibus hearing on November 27, 2000, at which VonBergen and his counsel were present. VonBergen indicated at the omnibus hearing that he would file motions to suppress both the evidence and his confession on the grounds that the stop and search were unlawful, and that his Miranda rights had been violated. In its omnibus order, the court set January 29, 2001, as a 60-day deadline for filing these pretrial motions, and scheduled the trial for April 10, 2001. VonBergen made no request to extend the 60-day deadline. VonBergen's counsel filed the intended suppression motions within the time provided for doing so under the omnibus order. On February 26, 2001, the court conducted a hearing on the motions, and on March 26, 2001, the court denied the motions.

¶4     On April 6, 2001, four days before trial, VonBergen substituted counsel and moved for a continuance of the trial. The District Court granted the motion, and set trial for

2

November 19, 2001. On May 7, 2001, VonBergen's new counsel filed another motion to suppress based on an issue not raised in VonBergen's initial suppression motion: that the warrant did not state with particularity the items to be seized from VonBergen's premises. VonBergen's new counsel also requested a second omnibus hearing.

¶5 On June 20, 2001, the District Court ruled that VonBergen had waived his right to file a second motion to suppress by failing to give notice of this motion at the omnibus hearing or by January 29, 2001, the subsequent deadline set by the court. Noting that VonBergen's initial motions to suppress were timely filed, the court denied the subsequent suppression motion because "the Defendant had every opportunity to file the instant motion to suppress but did not do so in a timely manner and waived his right to bring such a motion."

¶6 On November 26, 2001, VonBergen pled guilty to all eight counts in the Information under a plea agreement which reserved his right to appeal the denial of his second suppression motion. On January 7, 2002, VonBergen received a suspended sentence on the felony theft charge and lesser, concurrent periods of probation on the other charges, except for fifteen days in the county jail. His sentence was stayed pending appeal.

## STANDARD OF REVIEW

¶7 The standard of review for a denial of a motion to suppress is whether the trial court's "findings of fact are clearly erroneous, and whether those findings were correctly applied as a matter of law." *State v. Griffing,* 1998 MT 75, ¶ 7, 288 Mont. 213, ¶ 7, 955 P.2d 1388, ¶ 7 (quoting *State v. Greywater* (1997), 282 Mont. 28, 36, 939 P.2d 975, 980). The district court's determination that a motion to suppress is untimely is a conclusion of law. *Griffing*,

3

¶ 7. We review a district court's conclusions of law to determine whether they are correct. *Griffing*, ¶ 7.

¶8 The standard of review of a district court's denial of relief from waiver, pursuant to § 46-13-101(3), MCA, which arises from an untimely motion, will be addressed herein.

**DISCUSSION**

¶9 **Did the District Court err when it denied as untimely Defendant's motion to suppress?**

¶10 VonBergen argues the court erred in ruling his motion to suppress, filed on May 7, 2001, was untimely and that he waived the right to file additional pretrial motions by not indicating his intention to do so at the November 27, 2000, omnibus hearing or by the motion deadline of January 29, 2001.

¶11 Title 46 contains several sections setting forth timing requirements for filing pretrial motions. These sections provide that pretrial motions must be filed at or before the omnibus hearing unless otherwise provided by Title 46, or at a later date ordered by the court. First, § 46-13-101, MCA, regarding pretrial notices and motions, states:

> (1) Except for good cause shown, any defense, objection, or request that is capable of determination without trial of the general issue must be raised *at or before the omnibus hearing unless otherwise provided by Title 46.*
> (2) Failure of a party to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court, constitutes a waiver of the defense, objection, or request.
> (3) The court, for cause shown, may grant relief from any waiver provided by this section. Lack of jurisdiction or the failure of a charging document to state an offense is a nonwaivable defect and must be noticed by the court at any time during the pendency of a proceeding.
> (4) Unless the court provides otherwise, all pretrial motions must be in writing and must be supported by a statement of the relevant facts upon which

4

the motion is being made. The motion must state with particularity the grounds for the motion and the order or relief sought. [Emphasis added.]

Second, § 46-13-110, MCA, which governs the omnibus hearing, mandates that counsel for both parties "must be prepared to discuss" motions to suppress at the omnibus hearing, and provides that the district court may rule on the motion at the hearing, or may schedule the matter for "briefing and further hearing as the court considers necessary." Section 46-13-110(3), (5), MCA. Third, § 46-13-302, MCA, regarding motions to suppress, states:

(1) A defendant aggrieved by an unlawful search and seizure may move the court to suppress as evidence anything obtained by the unlawful search and seizure.
(2) If the motion states facts that, if true, would show that the evidence should be suppressed, the court shall hear the merits of the motion *at the omnibus hearing or at a later date if the court orders*.
(3) If the motion is granted, the evidence is not admissible at trial. [Emphasis added.]

Thus, a party has a statutory mandate to bring any defense, objection, or request that is capable of determination without trial of the general issue, including motions to suppress, at or before the omnibus hearing, or, at the latest, by a subsequent date ordered by the court. The consequence for failure to do so is clear: "[a] party's failure to raise matters which are capable of determination without trial and required to be raised at or before the omnibus hearing constitutes a waiver." *Griffing,* ¶ 10 citing § 46-13-101(2), MCA.

¶12   VonBergen argues that under § 46-13-101(2), MCA, suppression issues are waived only if not raised "prior to trial." He contends his May 7, 2001, motion should have been considered timely because it was filed just 31 days after substitution of new counsel and 196 days before the rescheduled trial. However, this argument ignores that the phrase "prior to

trial" in subsection (2) is further defined by the appositive "at the time set by the court," and further ignores the plain meaning of subsection (1), which specifically requires that pretrial motions be raised "at or before the omnibus hearing unless otherwise provided . . . ."

¶13    The timely filing of pretrial motions is a well established requirement.  The Court "consistently ha[s] affirmed a district court's denial of an untimely motion to suppress under both current and predecessor statutes setting time requirements for such motions." *Griffing*, ¶ 11.  *See State v. Landis,* 2002 MT 45, ¶ 20, 308 Mont. 354, ¶ 20, 43 P.3d 298, ¶ 20; *see also State v. Hart* (1982), 200 Mont. 185, 191, 650 P.2d 768, 772; *State v. Hall* (1979), 183 Mont. 511, 514, 600 P.2d 1180, 1182; *State v. Briner* (1977), 173 Mont. 185, 189-90, 567 P.2d 35, 37-38 (in each case, the Court upheld the denial of untimely motion to suppress under a previous version of the statute).

¶14    In *Griffing*, the Court upheld the denial of a suppression motion filed over four months after the omnibus hearing, applying the same version of § 46-13-101, MCA, at issue here.  *Griffing*, ¶ 12.  Likewise, in *Greywater*, the Court affirmed the district court's denial of a suppression motion filed over three months after the omnibus hearing pursuant to this statutory language.  *Greywater*, 282 Mont. at 37, 939 P.2d at 980. These rulings demonstrate that the timeliness of a pretrial motion is determined not by the length of time prior to trial the motion is submitted, but by compliance with the statutory requirement of filing at or before the omnibus hearing, or a later date set by the court.

¶15    VonBergen contends that none of the opinions or rationale expressed by this Court, particularly *Griffing* and *Greywater*, apply to a pretrial suppression motion which, like his,

6

was filed six months before trial. However, this premise erroneously assumes that timeliness is a function of the time remaining before trial. According to statute, whether VonBergen's motion to suppress was timely is properly determined by reference to November 27, 2000, the date of his omnibus hearing, or January 29, 2001, the later deadline set by the court. VonBergen's motion was filed thereafter, and therefore, as a matter of law, was untimely.

¶16    The purpose of requiring pretrial motions to be brought at or before the omnibus hearing is the "orderly and fair administration of the criminal justice system itself." *United States v. Sisca* (2nd Cir. 1974), 503 F.2d 1337, 1349. Section 46-13-110(2), MCA, states "[t]he purpose of the [omnibus] hearing is to expedite the procedures leading up to the trial of the defendant." Further, the Commission Comments to § 46-13-101, MCA, state "[t]he general theory of the entire chapter is to simplify the procedure... in bringing a case to trial." Although VonBergen contends the purpose of § 46-13-101, MCA, is to establish reasonable timetables, his interpretation, without more, would erase the time frame created by the statutes and subject pretrial proceedings to potentially arbitrary governance.

¶17    Having determined that VonBergen violated the statute and waived the right to file his second motion to suppress, we must consider whether the District Court erred in denying relief from that waiver pursuant to § 46-13-101(3), MCA, which provides such relief can be granted for good cause. It states, "[t]he court, for cause shown, may grant relief from any waiver provided by this section." VonBergen asserts that a reasonable interpretation of this language necessarily requires that substitution of counsel constitute good cause. He argues that because his substituted counsel was hired after the omnibus hearing and after the motion

7

deadline date, it was impossible for his new counsel to have filed the second motion to suppress by the dates required by statute. VonBergen argues that if a defendant changes attorney before trial, the defendant should have the benefit of the new attorney's advice.

¶18 We have not previously enunciated a standard of review to be applied to a district court's denial of relief from waiver pursuant to § 46-13-101(3), MCA. However, a district court's determination of the existence of "good cause" is generally reviewed for abuse of discretion. For example, a district court's determination of whether good cause exists for withdrawal of a plea pursuant to § 46-16-105(2), MCA, is reviewed for abuse of discretion. *State v. Tweed*, 2002 MT 286, ¶ 26, 312 Mont. 482, ¶ 26, 59 P.3d 1105, ¶ 26. Further, discretionary district court rulings, such as the granting or denial of a motion to continue, are reviewed for an abuse of discretion. *State v. Garcia*, 2003 MT 211, ¶ 10, 317 Mont. 73, ¶ 10, 75 P.3d 313, ¶ 10.

¶19 Paragraph one of the Commission Comments to § 46-13-101, MCA, emphasizes "[t]he statute continues to recognize the court's wide discretion in controlling pretrial motion practice." What constitutes good cause for granting relief from the waiver is fact-specific and falls under the sound discretion of the district court. For example, this Court concluded a  public defender's busy case load was not good cause to grant a waiver of an untimely motion to suppress in *Greywater*, 282 Mont. at 37, 939 P.2d at 980, but concluded that confusion over whether the prosecution was going to drop or continue a defendant's charges was good cause to grant a waiver in *State v. Bentley* (1970), 156 Mont. 129, 132, 477 P.2d

8

345, 346. Therefore, we conclude that we will review the District Court's denial of relief from a waiver pursuant to § 46-13-101(3), MCA, under an abuse of discretion standard.

¶20 This Court has not previously addressed whether substitution of counsel constitutes good cause for a relief from waiver under § 46-13-101(3), MCA. Recently, we held that a defendant's right to counsel must be carefully considered by the district court in determining whether to grant a continuance of the trial itself, noting the court "must be sensitive to the defendant's right to counsel of his choice, as well as the public's interest in prompt and efficient administration of justice." *Garcia,* ¶ 32. Here, the District Court gave such consideration, granting the request of VonBergen's new counsel to continue the trial date.

¶21 It does not follow, however, that new counsel is necessarily entitled to have pretrial proceedings rescheduled or conducted anew. Although new counsel may request such accommodations, a district court retains the authority to control the progress of the case, and may, within its discretion, grant or deny the requested relief, as it deems appropriate. In considering such requests, a district court may properly consider the history of the proceedings prior to new counsel's involvement. To hold otherwise would subject criminal proceedings to the vagaries of counsel substitution.

¶22 The holdings of the federal courts are instructive. In *United States v. DeLuna* (W.D.Mo. 1985), 616 F. Supp. 534, 538, the court, under similar circumstances, was faced with whether good cause relieved the defendant's failure to file a timely motion to suppress pursuant to Rule 12(f), Fed.R.Crim.P., which then contained nearly identical language to § 46-13-101(2), (3), MCA. It concluded that "[w]here defendant has been represented

9

throughout the proceedings by counsel, the addition or substitution of new counsel does not constitute good cause compelling a court to grant relief from defendant's waiver." In *United States v. Johnson* (8th Cir. 1980), 614 F.2d 622, 623, where, as here, the defendant added new counsel and changed his trial strategy, the appellate court, in reviewing the trial court's denial of relief from the defendant's waiver, concluded "[w]e cannot say . . . that the district court abused its discretion in holding that there was no good cause compelling it to grant relief of the waiver."

¶23 As in *DeLuna*, VonBergen was represented throughout the proceedings by his first counsel and substituted counsel on the eve of trial. Nothing prevented VonBergen's first counsel from filing a timely motion attacking the sufficiency of the warrant by the November 27, 2000, omnibus hearing or the January 29, 2001, deadline set by the court. In fact, VonBergen's first counsel filed several other motions to suppress which met these two deadlines. Thus, we conclude from these circumstances that the District Court did not abuse its discretion in denying VonBergen's request for relief.

¶24 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM REGNIER