JUSTICE RICE
delivered the Opinion of the Court.
¶1 Appellant Michael L. Hardin (Michael) appeals an order of the Eighteenth Judicial District Court, Gallatin County, dissolving his marriage to Appellee Tania E. Hardin (Tania). We affirm.
¶2 We address the following issue on appeal:
¶3 Did the District Court err by denying Michael’s request for a trial continuance, pursuant to § 37-61-405, MCA, and U. Dist. Ct. R. 10, after his counsel withdrew on the day of trial?
FACTUAL AND PROCEDURAL BACKGROUND
¶4 On May 3, 2004, Michael petitioned the District Court for dissolution of his marriage to Tania. At that time, the parties had two children who were thirteen and eleven years old. Over the course of the next two years, the proceedings were postponed multiple times, first on the District Court’s own motion, and then for reasons such as the parties’ failure to complete mediation, as well as in response to three motions filed by Michael requesting a continuance. Ultimately, a trial date was set for September 20 and 21, 2006, nearly two and a half years after Michael petitioned for dissolution.
¶5 Throughout the course of the proceedings, Michael was represented by attorney James D. McKenna. However, on September 6, 2006-two weeks before trial was set to begin-Michael discharged McKenna as his attorney, apparently because McKenna had not provided Michael with copies of certain documents and had not filed contempt motions against Tania as Michael had requested. On September 14,2006, McKenna filed a notice with the District Court of his intent to withdraw, advising the court that he had sent Michael a statement of consent for Michael to sign, which he had not yet received back. On September 19,2006, Michael filed his own Emergency Motion to Delay Start of Trial, arguing he did not live in Montana, did not have legal representation, had not been able to employ another attorney, and was unprepared to begin trial without representation. The District Court denied Michael’s motion, and when trial began the following morning, September 20, 2006, McKenna formally moved to withdraw in light of his discharge by Michael.
*256 ¶6 The District Court granted McKenna’s request to withdraw, but again refused Michael’s request to postpone the trial to find new representation. Michael argued he should be allowed twenty days to find another attorney pursuant to Uniform District Court Rule 10. The District Court responded that the trial date would not be extended because it had been set for “way too long,” and if Michael was going to change counsel, he needed to do it before trial. The District Court offered to require McKenna to stay as stand-by counsel to answer questions for Michael, but Michael declined.
¶7 To accommodate Michael, the District Court suggested that the parties and the court go through the basic requirements for the dissolution and get the uncontested facts on the record, after which the court would give Michael the rest of the day to visit with any counsel he had contacted in the previous two weeks. Michael reported that he had “spoken with several attorneys and no one is interested in taking this [case] at this point.”
¶8 The District Corut then allowed Tania’s attorney to briefly question Tania about the marriage, the parties’ and their children’s ages, and the parties’ occupations. Michael declined to participate because he did not have an attorney present and he wasn’t “going to act like one.” The District Court then recessed the trial and gave Michael the rest of the day to find an attorney.
¶9 The following morning, Michael reported to the District Corut that he had spoken to several attorneys, all of whom had declined to take his case. Michael again requested a continuance and the District Corut again denied Michael’s request. The District Court stated:
I am going to deny the request for a further continuance, Mr. Hardin, and that is based on the fact that this case has been continued a number of times, that this trial date has been set for a length of time, that the issues are such that they impact not only you and Mrs. Hardin but they impact your children. And I don’t think it’s in their best interests to continue this matter any longer....
I will give you some additional time after the trial to provide any additional evidence or file any motions that you might determine are appropriate, or if you obtain counsel, that they would feel it is [sic] appropriate as well. But I am going to require that we proceed with the trial today.
Because Michael was the petitioner, the District Court gave Michael the opportunity to start with his own testimony and any exhibits he wanted to submit. Michael responded-and repeated throughout the *257 course of the trial-that he was not an attorney, did not choose to represent himself, and objected to the entire proceeding. Tania’s attorney then questioned Tania on such subjects as the parties’ incomes and Tania’s and the children’s expenses. Tania’s attorney also elicited testimony from Tania regarding Michael’s delinquency in paying the mortgage and insurance on the parties’ shared home in lieu of child support. Tania’s counsel then called Michael, but Michael was generally uncooperative when questioned about his income, past employers, shared property with Tania, and expectations regarding Tania and the children’s expenses, among other things. At the conclusion of Tania’s case-in-chief, Michael made a brief statement to the District Court and conversed with the District Court about his children and frustration with his past visitation arrangements.
¶10 After testimony was taken, the District Court gave Michael thirty days in which to have a new attorney file a notice of appearance with the court. The court stated it would then work with Michael’s and Tania’s counsel to address any additional issues that needed to be dealt with. However, the District Court cautioned Michael that if he was unable to get counsel within a reasonable amount of time, the court would proceed to make a decision based upon the evidence before it.
¶11 Michael’s current counsel, Christopher J. Gillette, filed his notice of appearance with the District Court on November 13, 2006, some fifty days after the conclusion of trial. Michael did not file any additional motions or request to provide additional evidence with the District Court, and Michael’s counsel had no further contact with the District Court or Tania’s counsel after filing his notice of appearance. On December 26,2006, the District Court entered its Findings of Fact, Conclusions of Law, and Decree of Dissolution. On January 16, 2007, Michael filed his notice of appeal.
STANDARD OF REVIEW
¶12 Because the facts in this case are undisputed, we simply review whether the District Court correctly interpreted the requirements of § 37-61-405, MCA, and U. Dist. Ct. R. 10. “We review the District Court’s conclusions of law interpreting this statute to determine whether its conclusions are correct.” Quantum Electric, Inc. v. Schaeffer, 2003 MT 29, ¶ 10, 314 Mont. 193, ¶ 10, 64 P.3d 1026, ¶ 10 (citing Stanley v. Holms, 281 Mont. 329, 333, 934 P.2d 196, 199 (1997)).
*258 DISCUSSION
¶13 Did the District Court err by denying Michael’s request for a trial continuance, pursuant to § 37-61-405, MCA, and U. Dist. Ct. R. 10, after his counsel withdrew on the day of trial?
¶14 The statute and uniform district court rule at issue in this case are clear in their requirements but far from clear in their applicability to the circumstances here. Section 37-61-405, MCA, regarding death or removal of an attorney, provides:
When an attorney dies or is removed or suspended or ceases to act as such, a party to an action for whom he was acting as attorney must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney or appear in person.
Likewise, U. Dist. Ct. R. 10 also addresses the death or removal of an attorney and reads:
(a) Whenever an attorney representing a party to an action, or in another civil proceeding of any kind, is removed, withdraws or ceases to act as such, said attorney must inform the court and all other parties of the full name and address of his client and any other information which the court may find appropriate to assist in contacting said party.
(b) When the attorney representing a party to an action or proceeding dies, is removed, withdraws, or ceases to act as such, that party, before any further proceedings are had against him must be given notice by any adverse party:
(1) That such party must appoint another attorney or appear in person, and
(2) The date of the trial or of the next hearing or action required in the case, and
(3) That if he fails to appoint an attorney or appear in person by a date certain, which may not be less than twenty days from the date of the notice, the action or other proceeding will proceed and may result in a judgment or other order being entered against him, by default or otherwise.
(c) Such notice may be by personal service or by certified mail to said party's last known address.
(d) If said party does not appoint another attorney or appear in person within twenty days of the service or mailing of said notice, the action may proceed to judgment. However, copies of all papers and documents required to be served by these rules and the Rules of Civil Procedure shall be mailed to said party at his last known *259 address.
(e) In addition to the foregoing requirements of Rule 10 and before any change or substitution of attorney is effective, whether such change or substitution is occasioned by the death of the attorney or by his removal, withdrawal, ceasing to act, suspension or disbarment, the requirements of sections 37-61-403, 37-61-404 and 37-61-405, MCA, shall have been fully satisfied.
¶15 Michael argues this Court’s holding in Quantum Electric required all proceedings to be stayed when McKenna withdrew on the day of trial. In Quantum Electric, the defendant’s counsel moved to withdraw and submitted a proposed order allowing him to do so, asserting his clients had been uncooperative in proceeding with the quiet title action against them. Quantum Electric, ¶ 4. The district court signed the proposed order and allowed defense counsel to withdraw. The order was mailed to the defendants and alerted them that they had thirty days to notify the court if they had secured new counsel, and that their failure to do so would be deemed notice that they intended to proceed pro se. Quantum Electric, ¶ 5. After the defendants failed to attend multiple scheduled depositions, one defendant was personally served with notice of a deposition. He appeared at the deposition, requested and was refused a continuance, and left without being deposed. Quantum Electric, ¶ 6. The plaintiff moved for summary judgment, which the district court granted. Quantum Electric, ¶ 7.
¶16 Thereafter, the defendants did not retain counsel until a writ of execution was to be executed which removed them from their property. The defendants then moved to set aside the court’s judgment, arguing the plaintiffs failed to give them the notice required by § 37-61-405, MCA, when counsel withdraws. The plaintiff argued any failure to give the required notice was harmless because the defendants were given the same notice by the court’s order, and they had actual notice of the proceedings, as evidenced by the defendant showing up for his deposition. Quantum Electric, ¶ 8. The district court agreed, but we reversed. We stated the general rule as follows:
[Ojpposing counsel has a duty to make a good faith effort, by written notice, both to notify the unrepresented party that he should retain counsel or appear in person and to notify the unrepresented party regarding the nature and timing of the next pending proceeding. Further, when a party loses representation and this duty is not fulfilled, the proceedings in the case are tolled until the notice requirements of § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R., are met.
*260 [T]hat written notice must include the date of the next action required in the case. In addition, according to Rule 10, U.Dist.Ct.R., written notice must also include notice that if the unrepresented party fails to appoint an attorney or appear in person within twenty days from the date of the notice, the action or other proceeding will proceed and may result in a judgment or other order being entered against him.
Quantum Electric, ¶¶ 21, 27. This rule, we observed, ensures that the interests of the unrepresented party are properly protected. Quantum Electric, ¶ 27. In rebutting the dissent’s argument that the defendants in Quantum Electric already had notice of the depositions because they were still represented when notice of the depositions was filed, we reiterated that “proceedings are suspended when the counsel files a motion to withdraw without consent of the client because the failure of communication asserted by counsel demonstrates that the client may not have notice.” Quantum Electric, ¶ 32 (emphasis added).
¶17 Although the circumstances in Quantum Electric may appear similar to the present case at first glance, Michael’s situation is not one contemplated by our holding in Quantum Electric. First, Quantum Electric assumes that the twenty-day notice requirement will provide time for an unrepresented party to obtain new counsel and prepare for future proceedings in the pending litigation. In other words, it assumes that future proceedings are more than twenty days away or could be stayed and rescheduled. The Quantum Electric rule does not contemplate counsel “withdrawing” during a trial. Here, McKenna withdrew on the morning of trial, and thus, the purpose of notifying Michael of “the next pending proceeding” makes little sense because he was literally standing in the middle of it. Michael did not need a twenty-day notice of the trial date, because the “next pending proceeding” had already arrived by the time McKenna “withdrew.” ¶18 It could be argued that Michael still needed new counsel, a point which highlights another distinction about this case. Quantum Electric, as well as the cases on which it relies, involved cases in which counsel withdrew “without consent of the client.” Quantum Electric, ¶ 32. The policy behind the notice requirement of § 37-61-405, MCA, is clearly to ensure that a party, abandoned by counsel in the midst of litigation, is not left hanging “out to dry.” In contrast, Michael fired McKenna two weeks prior to trial and failed to obtain other representation before trial started. The point here is that McKenna’s “withdrawal” was not occasioned by McKenna, but was required by *261 Michael. Indeed, McKenna did not “withdraw” as much as he was discharged. This substantially changes the dynamics contemplated by Quantum Electric and the purposes that decision serves. Whether Michael’s discharge of McKenna was an intentional delay tactic or was necessitated by the circumstances is irrelevant because, either way, allowing Michael to delay the proceedings by halting the trial would essentially place control over the progress of the proceeding into the hands of Michael, rather than the District Court. In fact, rigid application of Quantum Electric to these circumstances would permit Michael to hire a new attorney and again discharge his attorney on the morning of the next trial, requiring another postponement. Such an assault on the functioning of the judicial system must be impermissible. See State v. VonBergen, 2003 MT 265, ¶ 21, 317 Mont. 445, ¶ 21, 77 P.3d 537, ¶ 21 (“[A] district court retains the authority to control the progress of the case.”).
¶19 By shortening the first day of trial so that Michael could seek out new counsel, and by giving Michael thirty days after trial in which to obtain counsel and notify the court of further motions or evidence, the District Court compensated for McKenna’s eleventh hour “withdrawal” and provided the notice and time period normally granted to a litigant whose counsel withdraws. Notably, even with a thirty-day period in which to obtain new counsel, Michael failed to do so; his current counsel did not appear until more than fifty days after the conclusion of the trial, and even then, Michael filed no additional filings with the District Court. More than three months after the conclusion of trial, the court entered its Findings of Fact, Conclusions of Law, and Decree of Dissolution.
¶20 Under the unusual circumstances of this case, the District Court did not err by denying Michael’s request for another continuance.
¶21 Affirmed.
CHIEF JUSTICE GRAY, JUSTICES COTTER, WARNER, LEAPHART and MORRIS concur.