

DA 07-0654

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 366N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROBERT A. WING,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC 2007-001
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender, Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Hon. Mike McGrath, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

            Ken Oster, Valley County Attorney, C. David Gorton, Deputy County
Attorney, Glasgow, Montana

Submitted on Briefs:  October 29, 2008

Decided:  November 6, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by Robert A. Wing (Wing) from the District Court's order denying Wing's motion to dismiss the Information. We affirm.

¶3 Wing was arrested on December 13, 2006, for DUI. He made his initial appearance before the Valley County Justice Court on December 14, 2006, at which bail was set at $10,000, and a preliminary hearing was set for January 22, 2007. The State filed an Information on January 17, 2007, charging Wing with DUI (fourth or subsequent offense), a felony, in violation of § 61-8-401, MCA. These charges were filed 34 days after Wing's initial appearance in Justice Court on December 14, 2006. Wing made his initial appearance in District Court on January 29, 2007, and, among other things, the District Court entered a bail order and conditions of release which Wing acknowledged and signed. On April 2, 2007, the parties filed an Omnibus Hearing Memorandum and Order and the District Court approved such order after hearing. Wing waived pretrial motions—which included miscellaneous motions such as motions to dismiss. On Wing's motion, the omnibus hearing order was subsequently amended to allow him to file a motion to suppress and his objections to the persistent felony offender notice, but Wing

2

did not otherwise identify a need to file any pretrial motions—including a motion to dismiss the Information.

¶4 On June 27, 2007, Wing filed a motion to dismiss, contending that there was unnecessary delay in filing the Information. This motion was filed 161 days after the filing of the Information, 149 days after Wing's initial appearance and plea in the District Court, 86 days after the omnibus hearing, and 37 days after Wing first asked to continue and amend the omnibus hearing memorandum to address new issues—which did not include dismissal based on unnecessary delay in filing the information. The District Court denied Wing's motion (and others not at issue here), concluding that the motion to dismiss was not timely filed and that Wing had thereby waived his motion and had not shown good cause for relief from that waiver.

¶5 We review de novo the grant or denial of a motion to dismiss in a criminal case. *State v. Robison*, 2003 MT 198, ¶ 6, 317 Mont. 19, ¶ 6, 75 P.3d 301, ¶ 6. We review a district court's denial of relief from a waiver pursuant to § 46-13-101(3), MCA, for abuse of discretion. *State v. VonBergen*, 2003 MT 265, ¶ 19, 317 Mont. 445, ¶ 19, 77 P.3d 537, ¶ 19. Whether a defendant has demonstrated good cause for granting relief from the waiver is fact-specific and falls under the sound discretion of the district court. *VonBergen*, ¶ 19 (citing *State v. Greywater*, 282 Mont. 28, 37, 939 P.2d 975, 980 (1997)).

¶6 Wing argues that the District Court abused its discretion when it denied his motion to dismiss on the basis that it was untimely filed and that Wing had failed to show good cause for a second amendment of the omnibus hearing order. Wing argues that the

3

court's ruling prohibited him from pursuing all possible legal theories for his defense. He also argues that the District Court erred when it failed to consider the basis of his motion to dismiss—i.e., unreasonable delay in filing the Information. Wing cites § 46-1-105,[1] MCA, pointing out that a preliminary examination must be held within a reasonable time after the defendant's initial appearance unless an exception applies. Wing maintains that the 34-day delay between his initial appearance in Justice Court and the date on which the District Court granted the State leave to file the Information is unreasonable.

¶7 The State counters that Wing has not shown good cause for relief from the waiver resulting from the untimely filing of his motion to dismiss. As we stated in *VonBergen*:

> The timely filing of pretrial motions is a well established requirement. The Court "consistently ha[s] affirmed a district court's denial of an untimely motion to suppress under both current and predecessor statutes setting time requirements for such motions."

*VonBergen*, ¶ 13 (citations omitted). Moreover, § 46-13-101, MCA, provides:

> (1) Except for good cause shown, any defense, objection, or request that is capable of determination without trial of the general issue must be raised at or before the omnibus hearing unless otherwise provided by Title 46.
> (2) Failure of a party to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court, constitutes a waiver of the defense, objection, or request.

¶8 Here, it is undisputed that Wing's motion to dismiss was not filed within the times required by § 46-13-101, MCA. Furthermore, Wing presented the District Court with no persuasive evidence that he had "good cause" for his untimely filing. His bare allegation that he had good cause does not demonstrate good cause. Accordingly, the District Court

---

[1] The correct citation for this proposition is § 46-10-105, MCA.

did not abuse its discretion in rejecting Wing's claim of waiver, and, as a matter of law, did not err in denying Wing's motion to dismiss the Information.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that this appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶10     Affirmed.

/S/ JAMES C. NELSON


We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE