STATE OF MONTANA, Plaintiff and Appellant, v. DONALD ALLEN BENTLEY, Jr., Defendant and Respondent.

No. 11814.
Submitted Sept. 9, 1970.
Decided Nov. 13, 1970.
477 P.2d 345.

Robert L. Woodahl, Atty. Gen., Helena, Harold J. Pinsoneault, County Atty., Missoula, Robert L. Deschamps, III, Deputy Co. Atty., argued, Missoula, for plaintiff and appellant.

Donald R. Mathews, argued, Missoula, Anthony Keast, Missoula, for defendant and respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

From a judgment granting a motion to suppress evidence and dismissing the action entered in district court of Missoula county, the state of Montana appealed.

On May 25, 1968 Donald Bentley (hereafter referred to as respondent) was involved in an altercation in Missoula, Montana which led to his charge and conviction of first degree assault, second degree assault, and carrying a concealed weapon with intent to assault. See State v. Bentley, Mont., 455 Mont. 383, 472 P.2d 864. On July 18, 1968 the state also charged respondent with possession of burglar's tools under section 94-908, R.C.M.1947, a misdemeanor, out of which this appeal arises.

Witnesses to the altercation saw respondent take a gun out of the trunk of a car which respondent brandished in the assault and they observed a pillow and bags in the car's trunk. After respondent's arrest for the assault, arresting officer Doty of the Missoula police department signed an application for a search warrant to search the car from which respondent obtained his gun for burglar tools and illegal drugs.

From the time of respondent's arrest to the filing of the application for a search warrant some time later, Police Judge Clark received informal information from various sources suggesting that respondent was a burglar. Based on this suggestion and officer Doty's application for a search warrant stating that witnesses had observed a pillow and bags in the

car's trunk, Police Judge Clark issued a search warrant on the car listing specific items used as burglar tools and illegal drugs.

The search yielded a number of articles that are considered to be burglar tools.

Upon the trial the jury found respondent guilty of possession of burglar tools, a misdemeanor, in the justice court. Thereafter respondent appealed to district court. Trial in district court was set for September 29, 1969 and respondent's motion to suppress evidence illegally obtained by the search warrant was filed September 26, 1969. In the district court respondent's cause for delinquently filing his motion to suppress only three days before trial date rested on the state's alleged intention to dismiss the charge of possession of burglar tools if respondent was convicted on assault charges. Although the alleged intention did not appear in the record, and the prosecution denied stating such an intention, the district judge recognized the expression of such intention from his own recollection and granted respondent's motion to suppress.

The questions raised on this appeal are that (1) since section 95-1806, R.C.M.1947 commands a defendant to give ten days notice to a prosecuting attorney of a motion to suppress evidence illegally seized, unless otherwise directed by a court for good cause, is respondent's filing of a motion to suppress three days before trial untimely and improper? And, (2) does probable cause exist to issue a search warrant for burglar tools and illegal drugs in a car when it is based on a judge's personal knowledge of the reputation of the respondent and an application for a search warrant describing witnesses' observations of a pillow and bags in the car's trunk?

■ It is this Court's opinion that filing a motion to suppress evidence illegally seized three days before trial date is untimely in view of section 95-1806, R.C.M.1947, which demands ten days' notice be given to the prosecution and

State v. Gotta, 71 Mont. 288, 290, 229 P. 405, which holds an untimely motion to suppress is a waiver of that defense. However some confusion appears to exist between the parties and the district court over the state's intention to drop or continue prosecution of respondent after his conviction on assault charges. For this reason, the untimely motion to suppress will not be considered improper or as a waiver of this defense by the respondent.

Section 95-704(a), R.C.M.1947, provides guidance in answer to the second issue:

"Any judge may issue a search warrant upon the written application of any person that an offense has been committed, made under oath or affirmation before him which: (a) States facts sufficient to show probable cause for issuance of the warrant * * *."

In State ex rel. Strange v. District Court, 71 Mont. 125, 130, 227 P. 576, 578, this formulation of probable cause was made:

"* * * the brief necessary to constitute probable cause must be founded on circumstances which make that belief reasonable."

By 1969 a definition for probable cause was refined by this Court, citing from Aguilar v. Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 12 L.Ed.2d 723:

"* * * when a search is based upon a magistrate's, rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less 'judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant' * * * and will sustain the judicial determination so long as 'there was substantial basis for [the magistrate] to conclude that narcotics were probably present * * *.' " State ex rel. Glanz v. Dist. Court, 154 Mont. 132, 461 P.2d 193.

In the present case, the only facts encompassed by the application for a search warrant for burglar tools and illegal drugs which sought to establish probable cause were

the applicant's assurances that witnesses saw a pillow and bags in a car from which respondent drew a gun. Even if these facts were verified in the application by some evidence of the witnesses' credibility, it was unreasonable to conclude that the bags contained burglar tools by their mere presence. The presence of a pillow lends nothing to the state's case, for many people carry pillows in their cars for simple comfort.

To bolster this position, a line of reasoning from two United States Supreme Court decisions is applicable. The Aguilar case held the Fourth Amendment's guaranty against unreasonable search and seizures must be enforced against the states through the Fourteenth Amendment. The court went on to say:

"Although the reviewing court will pay substantial deference to judicial determinations of probable cause, the court must still insist that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." Aguilar v. Texas, supra, 378 U.S. at 111, 84 S.Ct. at 1512.

Of course a judge is not bound to operate in a vacuum without the benefit of common experience, but information not appearing in an application for a search warrant and not gained under oath which leads a judge to a belief that a person is a burglar cannot add to the establishment of probable cause for it runs contrary to his "neutral and detached function" commanded by the United States Constitution.

In the second case, Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637, a report from a reliable informant that a suspect was using two telephones with specified numbers to conduct a gambling business, besides his reputation as a gambler, did not constitute sufficient evidence of probable cause that a crime was being committed to issue a search warrant. The court held the telephones taken by themselves contained no suggestion of criminal conduct, and with regard to the suspect's reputation of being a gambler the court said:

"* * * we do not believe it may be used to give additional weight to allegations that would otherwise be insufficient." Ibid at 418-419, 89 S.Ct. at 590.

Montana cannot guarantee less protection for a citizen under its laws than is demanded by the Constitution of the United States. Therefore, the mere presence of a pillow and bags in the trunk of a car taken by themselves (like the telephones in the Spinelli case) do not constitute sufficient evidence of a crime to issue a search warrant for burglar tools or illegal drugs, and a judge's personal inferences that respondent is a burglar adds nothing toward probable cause of the commission of a crime on these facts.

Judgment affirmed.

MR. JUSTICES JOHN C. HARRISON, HASWELL, DALY and CASTLES, concur.