FILED

01/16/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 17-0278

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 12N

STATE OF MONTANA,

   Plaintiff and Appellee,

  v.

TERRANCE LEE BRAUNER,
a/k/a TERRY-LEE,

   Defendant and Appellant.

APPEAL FROM: District Court of the Seventeenth Judicial District,
      In and For the County of Valley, Cause No. DC 2015-13
      Honorable Yvonne Laird, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Terry-Lee, Self-Represented, Loon-Lake, Washington

   For Appellee:

     Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
     Attorney General, Helena, Montana

     Dylan Jensen, Valley County Attorney, Glasgow, Montana

         Submitted on Briefs: November 15, 2017

             Decided: January 16, 2018

Filed:

                   _____
                       Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Terrance Lee Brauner (Terry-Lee) appeals from a January 18, 2017 order of the Seventeenth Judicial District, Valley County, denying his two motions to suppress evidence. Terry-Lee also filed a second appeal, *State v. Terrance Lee Brauner*, No. DA 17-0213, which alleges errors in the same underlying criminal proceeding, Valley County Cause No. DC-2015-13. We decided to consider the two appeals together and, accordingly, consolidated Terry-Lee's subsequent appeal (No. DA 17-0213) with the instant appeal. *State v. Terrance Lee Brauner, a/k/a Terry-Lee*, No. DA 17-0278, Or. (Mont. Jan. 8, 2018). We discern in his subsequent appeal that Terry-Lee alleges there was insufficient evidence to support his conviction. We affirm Terry-Lee's conviction.

¶3 In January 2015, two employees from the North Valley County Water and Sewer District conducted a routine check and maintenance on the water lines in St. Marie, Montana. The employees discovered the water system at 251 Maple Street, Unit C, was bypassed. The resident of Unit C was not subscribed to utility services and no water meter was installed. The employees reported the bypassed system to their supervisor. The supervisor made a complaint to the Valley County Sheriff's office. Deputy Sheriff Alex Esteves (Deputy Esteves) followed up on the complaint. He discovered that Terry-Lee

2

resided in Unit C.  Deputy Esteves interviewed Terry-Lee about the water system bypass discovered in the basement of Unit C.  Terry-Lee admitted to removing the caps and replacing them with copper pipes to bypass the system.  Deputy Esteves issued a citation to Terry-Lee for theft pursuant to § 45-6-305, MCA.

¶4     On January 30, 2015, Terry-Lee appeared in Justice Court for arraignment. Following a bench trial on June 5, 2015, the Justice Court found Terry-Lee guilty.  The Justice Court sentenced Terry-Lee to six months in jail, with all but fourteen days suspended, a fine of $500 plus surcharges and costs, and ordered restitution in the amount of $340, payable to North Valley County Water and Sewer District.  Terry-Lee appealed the Justice Court judgment to District Court.  The District Court held an omnibus hearing on August 17, 2015.  At the omnibus hearing, the District Court set an October 19, 2015, deadline for motions to suppress evidence.  Terry-Lee was present at the hearing.  Over a year later, on January 10, 2017, Terry-Lee filed his motions to suppress evidence.  On January 18, 2017, the District Court denied the motions as untimely.  The case proceeded to trial and a jury found Terry-Lee guilty on January 31, 2017.  The District Court held a sentencing hearing the same day and imposed the same sentence as the Justice Court.

¶5     A district court's determination that a motion to suppress is untimely is a conclusion of law which we review for correctness.  *State v. Adkins*, 2009 MT 71, ¶ 11, 349 Mont. 444, 204 P.3d 1. We review for abuse of discretion a district court's determination of whether good cause exists to grant relief from a waiver of an untimely motion to suppress. *Adkins*, ¶ 11.

¶6     Under § 46-13-302(1), MCA, "A defendant aggrieved by an unlawful search and seizure may move the court to suppress as evidence anything obtained by the unlawful search and seizure." By statutory mandate, a motion to suppress must be raised at or before the omnibus hearing, or by a subsequent date upon the court's order. Section 46-13-101(1), MCA. Failure to bring a motion to suppress within this timeframe constitutes a waiver. *State v. VonBergen*, 2003 MT 265, ¶ 11, 317 Mont. 445, 77 P.3d 537 (citing § 46-13-101(2), MCA). Where such a waiver occurs, the court may grant relief upon good cause shown. Section 46-13-101(3), MCA. A district court retains the discretion to determine whether good cause exists. *VonBergen*, ¶ 19.

¶7     Terry-Lee argues that the District Court erred in denying his motions to suppress and should have considered the motions on the merits. We conclude that the District Court correctly denied Terry-Lee's motions to suppress evidence. At the omnibus hearing the District Court ordered a deadline of October 19, 2015, for either party to file motions to suppress evidence. Terry-Lee failed to file his motions to suppress evidence until January 10, 2017. Pursuant to § 46-13-101, MCA, the District Court correctly denied Terry-Lee's motions based on the deadline set forth by the court. Therefore, Terry-Lee waived his right to file his motions to suppress.

¶8     Having determined that Terry-Lee violated the statute and waived the right to file his motions to suppress, we must consider whether the District Court abused its discretion in denying relief from that waiver pursuant to § 46-13-101(3), MCA. Terry-Lee argued good cause existed because he was "railroaded" in Justice Court and that he tried to contact his standby counsel six times without response. The District Court found that good cause

4

did not exist because: (1) the Justice Court proceeding had no bearing on the District Court proceeding because the appeal was tried anew; (2) Terry-Lee filed a motion and accompanying brief on September 15, 2015, showing he was able to timely file motions; and (3) Terry-Lee's standby counsel was not appointed until December 23, 2015, well after the October 19, 2015 deadline, and therefore even if Terry-Lee was unable to contact standby counsel, it would not have affected his ability to timely file the motions. We conclude the District Court did not abuse its discretion because Terry-Lee failed to show good cause existed warranting Terry-Lee relief despite his waiver.

¶9 Turning now to Terry-Lee's argument raised in subsequent briefing that he is not guilty of misdemeanor theft, we discern this alleged error as a claim that the evidence was insufficient to support his conviction. Following his conviction in Justice Court, Terry-Lee exercised his right of appeal and received a trial de novo in District Court. On January 31, 2017, the District Court held a jury trial and the jury found Terry-Lee guilty. Terry-Lee has failed to submit any transcripts of any hearing held in the District Court, including the trial transcripts. To the extent this Court is able to review Terry-Lee's claims relating to insufficiency of the evidence in the District Court, we find that the claims are not substantiated by the record. *See State v. Yuhas*, 2010 MT 223, ¶ 7, 358 Mont. 27, 243 P.3d 409 (explaining that we review a claim of insufficiency of the evidence to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). As lower court decisions are presumed correct, *State v. Aakre*, 2002

5

MT 101, ¶ 43, 309 Mont. 403, 46 P.3d 648, we conclude that Terry-Lee has failed to adequately demonstrate grounds to reverse his conviction.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR