FILED

12/03/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0170

DA 22-0170

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 283

STATE OF MONTANA,

  Plaintiff and Appellee,

 v.

NED BRYANT GARDNER,

  Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-20-658
Honorable Jason Marks, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Tammy Hinderman, Appellate Defender, Joshua James Thornton, Assistant Appellate Defender, Helena, Montana

  For Appellee:

  Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant Attorney General, Helena, Montana

  Matthew Jennings, Interim Missoula County Attorney, Brian C. Lowney, Deputy County Attorney, Missoula, Montana

      Submitted on Briefs: June 26, 2024

        Decided: December 3, 2024

Filed:

        _____
            Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Ned Gardner (Gardner) appeals the Fourth Judicial District Court's imposition of a twenty-year prison sentence for his felony jury conviction, contending that the court should not have designated Gardner a persistent felony offender (PFO). Contrary to the requirements of § 46-13-108(1), MCA (2019), the State filed its notice to seek PFO status well after the omnibus hearing on the eve of trial. The District Court denied Gardner's objection to his PFO designation after concluding that the untimely notice had not prejudiced him. We address the following issue on appeal:

¶2 *Did the District Court err in sentencing Gardner as a persistent felony offender?*

¶3 We reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4 On November 27, 2020, the State charged Gardner with felony criminal endangerment, in violation of § 45-5-207, MCA, and felony partner or family member assault (third or subsequent offense), in violation of § 45-5-206, MCA. Gardner appeared at an omnibus hearing on January 12, 2021. The record contains no notice before or at the omnibus hearing indicating the State would seek to sentence Gardner as a PFO. At the final pre-trial conference on September 28, 2021, defense counsel confirmed Gardner would proceed to a jury trial to begin on October 15, 2021. The next day—eight months after the omnibus hearing and two weeks prior to trial—the State filed under seal its notice

2

of intent to treat Gardner as a PFO. Section 46-13-108(1), MCA (2019),[1] provides: "[e]xcept for good cause shown, if the prosecution seeks treatment of the accused as a persistent felony offender . . . , notice of that fact must be given at or before the omnibus hearing pursuant to 46-13-110."

¶5    Gardner filed an objection to the State's notice, citing its untimely filing, no showing of good cause, and the need for ample time to object to the designation. The State responded that Gardner failed to articulate whether he lacked ample time or why he was prejudiced by the timing.

¶6    Two days before trial, the District Court heard the parties' arguments on the PFO designation notice. Gardner argued that the statute's plain language requires filing the notice on or before the omnibus hearing and that he was prejudiced because notice was given "at the eve of trial." Gardner stressed the need for defense counsel to notify the client of the potential penalties and the defendant's ability to weigh and understand those penalties. Defense counsel stated, "at some point, there needs to be a clear line that the State is not going to be proceeding under a certain statute with heightened punishment." When the District Court asked the State about good cause for the late notice, the State acknowledged that the late notice was an oversight due to case volume, as well as the State's belief that the case might settle. Defense counsel told the court that she had not

---

[1] Gardner was sentenced under the 2019 Montana Code Annotated. All references are to the 2019 version of the MCA unless otherwise indicated. The statutory language at issue in this case has not changed.

received any offers from the State and was unaware of any offers made to prior defense counsel on the case. The court took the matter under advisement.

¶7 A jury found Gardner guilty of the PFMA charge and not guilty of the criminal endangerment charge on October 18, 2021.

¶8 On February 3, 2022, the District Court entered an order designating Gardner as a PFO. The court agreed that the State filed the PFO notice after the statutory deadline and concluded that the State's good cause was questionable. However, the District Court reasoned that the "appropriate inquiry is whether the [d]efendant has ample time to object to his PFO designation (including a challenge as to whether the convictions in the notice qualify pursuant to the PFO statutes)" and whether the notice timing prejudiced the defendant. Because Gardner could not articulate any prejudice from the late filing and could still object to any issues with the prior convictions, the court found that Gardner qualified as a PFO.

¶9 At the sentencing hearing the following day, the District Court sentenced Gardner as a PFO to twenty years in prison, with a ten-year parole restriction. Gardner appeals the District Court's order and subsequent sentence.

**STANDARDS OF REVIEW**

¶10 We review a defendant's sentence to more than one year of actual incarceration for legality. *State v. Running Wolf,* 2020 MT 24, ¶ 7, 398 Mont. 403, 457 P.3d 218 (citation omitted). We consider "whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable

4

sentencing statutes." *Running Wolf,* ¶ 7 (internal quotation and citation omitted). This determination is "a question of law that we review de novo." *Running Wolf,* ¶ 7 (citations omitted).

¶11 We review a district court's finding of good cause or prejudice for abuse of discretion. *See State v. Adkins*, 2009 MT 71, ¶ 11, 349 Mont. 444, 204 P.3d 1 ("We review for abuse of discretion a district court's determination of . . . good cause to [allow] an untimely motion to suppress."); *State v. Ankeny*, 2018 MT 91, ¶ 16, 391 Mont. 176, 417 P.3d 275 ("A district court's determination of whether to grant relief from waiver under § 46-13-101(3), MCA, is reviewed for abuse of discretion.").

**DISCUSSION**

¶12 Section 46-18-502, MCA, mandates a court sentence a persistent felony offender to specific enhanced penalties and provides that portions of the sentence are not subject to suspension or deferment. Section 46-13-108(1), MCA, provides: "[e]xcept for good cause shown, if the prosecution seeks treatment of the accused as a persistent felony offender . . . , notice of that fact must be given at or before the omnibus hearing . . . ." The notice, which remains sealed until trial or plea, must specify the alleged prior convictions that qualify the defendant as a PFO. Section 46-13-108(2), (5), MCA. If the defendant objects to the allegations in the notice, the court must hold a hearing to determine if the allegations are true. Section 46-13-108(3), MCA. "If the judge finds any allegations of the prior convictions are true," the defendant must be sentenced as provided by the PFO statutes. Sections 46-13-108(4), 46-18-502, MCA.

5

¶13 Gardner contends that the State failed to provide timely notice of its intent to seek a PFO designation and that it failed to show good cause as required by the plain language of § 46-13-108(1), MCA. Gardner argues that the State "taxed" him for going to trial and that once the deadline passed and the jury confirmation hearing had occurred, he had a due process right to proceed under a presumption that he would not face enhanced PFO penalties. The State responds that the designation was appropriate because it filed the notice more than four months before the sentencing hearing, giving Gardner ample opportunity to object.

¶14 It is undisputed in this case that the State failed to provide timely notice under the requirements of the statute. The State does not argue that it demonstrated good cause for the untimely notice, and we agree that it did not. *See State v. Greywater*, 282 Mont. 28, 37, 939 P.2d 975, 980 (1997) (affirming a district court's finding that an overwhelming caseload did not constitute good cause when defense counsel did not raise a motion in limine by the statutorily required timeline).

¶15 A defendant in a criminal trial must be advised of the penalty that could be imposed upon conviction. Understanding the maximum penalty that may be imposed upon conviction factors into many decisions a defendant must make as trial approaches. In addition to protecting a defendant's right to object to the State's use of the predicate offenses, § 46-13-109, MCA, also ensures a defendant is given notice of the case and potential penalties against him so that he may prepare a defense and have a fair trial which comports with due process. Under the State's reasoning, a PFO notice could be filed immediately prior to sentencing as long as there remains an opportunity to object prior to

actually being sentenced as a PFO. The plain language of § 46-13-109, MCA, however, places obligations upon the State to provide timely notice in its prosecution of a defendant's case. The exception to this mandatory requirement is when good cause exists for the State's failure to provide timely notice, which must be demonstrated by the State.

¶16 Therefore, in addition to having an opportunity to object to a predicate offense, the requirement that notice be given to a defendant prior to the omnibus hearing ensures that a defendant knows the maximum penalties that could be imposed *prior* to making decisions about his defense. As Gardner argued before the trial court, it was initially reasonable to proceed with his case knowing there was a potential for a PFO designation, but once the omnibus hearing occurred and the State had not filed a PFO designation as statutorily required, Gardner was entitled to rely on the statute and proceed with the assurance that a PFO designation would not be permitted by a court absent a showing of good cause. Gardner proceeded by electing to be tried by a jury.

¶17 Here, Gardner received the PFO notice less than two weeks prior to his trial. The day after Gardner elected to have a jury trial the State filed its notice of intent to seek PFO sentencing enhancement. Because the State did not provide good cause—the only basis upon which an untimely notice could be accepted by a court and a defendant thereby subjected to enhanced penalties—the District Court abused its discretion by allowing the notice and designation to be filed. The burden was not on Gardiner to show prejudice, as the State argues and the District Court found—the burden was on the State under the plain language of the statute to show good cause, which it failed to do.

7

¶18　There is no dispute the State failed to meet the statutory requirements for bypassing the mandatory notice requirements of § 46-13-108(1), MCA.  The District Court itself noted that its finding of good cause was "very questionable."  The State maintained that the untimely notice was an "oversight more than anything[.]"  It then argued Gardner was not prejudiced by the delay because he had an opportunity to object to the predicate offenses.  However, Gardner did not have the burden of demonstrating why the State should be held accountable to the statute.  Gardner did, however, have a right to prepare his defense based on statutes that applied and were relevant to his case; relevant here, § 46-13-108(1), MCA.  He and his counsel had a right to prepare a defense and rely on applicable statutes and law with an understanding that the State would not be allowed to file its notice after the omnibus, absent a finding of good cause.  A "busy caseload" is not good cause.  *Greywater*, 282 Mont. at 37, 939 P.2d at 980.

¶19　Thus, though a finding of good cause is committed to the discretion of the trial court, we conclude the District Court did abuse its discretion in finding good cause.  Our case law establishes that the reasons given by the State, in fact, do *not* establish good cause.  Accordingly, the District Court abused its discretion when it allowed the State to file an untimely PFO notice when no good cause for the delay legally or factually existed.  This was in direct contravention to the clear mandate of § 46-13-108(1), MCA.

¶20　Further, established rules of statutory construction do not permit the District Court to conclude that because Gardner was not prejudiced by the untimely notice he may be subjected to enhanced penalties.  By the express terms of the statute, the prosecutor "must"—not "may" or "should"—file notice stating whether he or she intends to seek the

8

enhanced penalties of a PFO designation on or before the omnibus hearing. The notice and timing requirements are mandatory, not discretionary or permissive. "Most importantly, nothing in the plain language of the statute suggests that lack of prejudice to the defendant or the defendant's knowledge that the case [is subject to enhanced penalties] can supplant the express requirement that the notice be filed [on or before the omnibus hearing]." *See Miller v. Eighteenth Judicial Dist. Court*, 2007 MT 149, ¶ 39, 337 Mont. 488, 162 P.3d 121. When construing § 46-13-108(1), MCA, according to its plain language, lack of prejudice is not within its terms. Where the language of the statute is plain, unambiguous, direct, and certain, the statute speaks for itself. *Miller*, ¶ 38. Section 1-2-101, MCA, instructs that "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Thus, the District Court abused its discretion when it allowed an untimely PFO notice based on Gardner not being prejudiced when the State proffered only that the late filing was due to an oversight.

¶21 The State argues Gardner was not prejudiced by its untimely notice because Gardner could still object to the predicate offenses. The prejudice inquiry is relevant to a proceeding on appeal and is not a consideration under § 46-13-801(1), MCA. Section 46-20-701(1), MCA, prohibits this Court from reversing a case unless a trial court error caused prejudice to a defendant. Under the circumstances here, where Gardner proceeded to a jury trial without notice of a mandatory penalty and when he learned of the State's intention on the eve of trial, we must conclude the error caused prejudice to Gardner's substantial rights. Gardner has suffered prejudice to his substantive rights because he has been improperly

subjected to a significant and mandatory sentencing enhancement without adequate notice as statutorily required. Under these circumstances, Gardner, for purposes of appellate review, has demonstrated his substantive rights were prejudiced. Gardner had, not only the right to object to the specific predicate offenses, but he had the right to rely on statutes in place and to have applied correctly the law as it pertained to his case. He was entitled to, at some point, proceed with an understanding of what the penalties were in his case.

¶22 Gardner's case is distinguishable from *State v. McQuiston*, 277 Mont. 397, 409, 922 P.2d 519, 527 (1996) (*overruled on other grounds by State v. Herman*, 2008 MT 187, 343 Mont. 494, 188 P.3d 978). In *McQuiston*, the State had given McQuiston notice of its intent to pursue PFO designation a month before the omnibus hearing, but did not file the notice with the District Court until after the trial ended. *McQuiston*, 277 Mont. at 409, 922 P.2d at 527. McQuiston objected to his PFO designation because it was untimely. *McQuiston*, 277 Mont. at 409, 922 P.2d at 526. This Court concluded that the State's failure to file notice of its intent to treat McQuiston as a PFO prior to trial did not prejudice McQuiston because "the State sent notice to McQuiston of their intent to seek persistent felony status over a month prior to the omnibus hearing and five months before trial." *McQuiston*, 277 Mont. at 409, 922 P.2d at 527. Here, the State presents no evidence or argument that, in some manner or form, it had provided notice to Gardner prior to the omnibus hearing.

¶23 In *State v. Shults*, 2006 MT 100, 332 Mont. 130, 136 P.3d 507, the State "checked a box" on the omnibus order indicating its intention to seek treatment of Shults as a PFO. *Shults*, ¶ 10. It did not, however, file notice in compliance with the statute until the change

10

of plea hearing. *Shults*, ¶ 10. Shults argued the notice provided at the omnibus hearing was inadequate because it did not specify the alleged prior conviction by the time of the omnibus hearing. *Shults*, ¶ 21. We reaffirmed *McQuiston*'s holding that "if a defendant *received notice* of the State's intention to seek PFO status and was not prejudiced by the State's failure to file the notice, we would not overturn the district court's decision to impose a PFO designation." *Shults*, ¶ 22 (citing *McQuiston*, 277 Mont. at 409, 922 P.2d at 527) (emphasis supplied). Shults is distinguishable from the circumstances present here, because the State did not indicate on the omnibus form or at any time until two weeks before trial that it intended to seek enhanced penalties upon conviction. The record here does not support a conclusion that Gardner had *any* notice except that filed by the State on the eve of trial.

¶24    In *State v. Ramsey*, 2007 MT 31, ¶¶ 19, 21, 336 Mont. 44, 152 P.3d 710, Ramsey knew at the omnibus hearing held on June 16, 2005, that the prosecution intended to seek PFO status because the prosecution indicated on the PFO section of the omnibus memorandum "6/17/05" and the court gave the prosecution an extra day to file its notice. *Ramsey*, ¶¶ 19, 21. The prosecution did not file its notice until June 22, 2005, five days after the omnibus hearing, but Ramsey made no objection and waited until sentencing to object to the untimely notice. This Court held that Ramsey was aware at the June 16, 2005, omnibus hearing the prosecution was seeking PFO status. *Ramsey*, ¶ 21. Ramsey therefore had plenty of time to prepare his defense knowing the penalty the prosecution was seeking and to object to the validity of the predicate offenses before sentencing. *Ramsey*, ¶ 21.

¶25 We conclude Gardner was prejudiced by the State's failure to file its notice until the eve of trial. The State has not provided any evidence or argument indicating Gardner had notice of the enhanced and mandatory penalty he faced upon conviction.

**CONCLUSION**

¶26 The District Court abused its discretion when it found good cause for the State's untimely PFO notice and when it concluded Gardner had not demonstrated he would be prejudiced—such a requirement is not present in § 46-13-801(1), MCA. Section 46-13-108, MCA, is clear in its mandate to the State that, except for good cause shown, the notice must be filed at or before the omnibus hearing. The statute does not place the burden on Gardner to establish lack of prejudice. It was within the State's control and responsibility to ensure the PFO notice was timely filed, not Gardner's responsibility to show prejudice. Gardner was prejudiced by the untimely notice filed on the eve of trial and when the State failed to establish he had any notice he would be treated as a PFO.

¶27 The District Court's order designating Gardner as a PFO is reversed. This matter is remanded for resentencing without a PFO designation.

¶28 Reversed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA

12

Justice Beth Baker, dissenting.

¶29 The State does not argue that it demonstrated good cause for the untimely PFO notice in this case, and I agree with the Court that it did not. The law is clear, however, that this Court will not reverse a case "by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." Section 46-20-701(1), MCA. Consistent with this provision and with our applicable precedent, I would not reverse Gardner's PFO sentence for untimely notice because he has not demonstrated prejudice on appeal.

¶30 We have made clear that this Court "will not overturn a court's decision to impose a sentence with a PFO designation" if "the defendant had ample opportunity to object to PFO treatment and challenge the underlying criminal record, and if the defendant was not prejudiced by the timing of the filing." *Ramsey*, ¶ 20 (citing *Shults*, ¶ 22). *See also McQuiston*, 277 Mont. at 409, 922 P.2d at 527. Discussing this authority in *Miller*, we specifically distinguished a mandatory sixty-day deadline contained in the Death Penalty Standards from the PFO notice requirements, noting that *Shults* properly applied § 46-20-701(1), MCA, to consider on appeal any prejudice caused by noncompliance with § 46-13-108(1), MCA. *Miller*, ¶ 32. We concluded:

> In other words, while the Legislature provided that notice of the prosecutor's intent to seek treatment of the accused as a persistent felony offender "must be given at or before the omnibus hearing," § 46-13-108(1), MCA, and that such notice "must specify the alleged prior convictions," § 46-13-108(2), MCA, the Legislature also provided that a defendant claiming a violation of this rule must show that he or she was prejudiced by the violation, § 46-20-701(1), MCA.

13

*Miller*, ¶ 32. We stated there that, "contrary to the State's and the District Court's supposition, we did not read a no-prejudice exception into § 46-13-108, MCA, and *Shults* is not authority to do so in the [death penalty] cases." *Miller*, ¶ 32. Although the Court cites *Miller* in its analysis, Opinion, ¶ 20, our discussion of *Shults* shows that the case does not support the Court's conclusion here. We have reaffirmed the application of § 46-18-701, MCA, to untimely PFO notices in at least four cases over the past twenty-eight years. *McQuiston*, 277 Mont. at 409, 922 P.2d at 527; *Shults*, ¶ 22; *Ramsey*, ¶ 20; *Miller*, ¶ 32. Gardner has not proven those decisions to be in error.

¶31 *McQuiston, Shults*, and *Ramsey* all observed that the purpose of a PFO notice "is to give the defendant an opportunity to file an objection to the criminal record relied upon in the notice and to hold a hearing should there be any such objection." *McQuiston*, 277 Mont. at 408, 922 P.2d at 526; *Shults*, ¶ 22; *Ramsey*, ¶ 20. *See also State v. Eighteenth Jud. Dist. Ct.*, 2010 MT 263, ¶ 43, 358 Mont. 325, 246 P.3d 415 ("the PFO notice requirement serves primarily to notify the defendant of the prosecutor's intent with respect to seeking a particular sentence"). The 1991 Commission Comments to § 46-13-108, MCA, state this purpose directly, noting that the "statute retains the requirement . . . that the prosecutor notify the defendant that he is seeking persistent felony offender status." Section 46-13-108, MCA, *Annotations*, Comm'rs Comments (1991). The Comments note the additional purpose "to avoid infecting any trial of the case with the potentially prejudicial information of the defendant's prior criminal record." Section 46-13-108, MCA, *Annotations*, Comm'rs Comments (1991).

14

¶32 These purposes are consistent with due process requirements. Due process requires timely and adequate notice and the opportunity to be heard. *State v. Niederklopfer*, 2000 MT 187, ¶ 10, 300 Mont. 397, 6 P.3d 448 (citation omitted) (discussing due process standards of § 46-13-108, MCA, notice requirements) (*overruled on other grounds by Whitlow v. State*, 2008 MT 140, ¶ 18 n.4, 343 Mont. 90, 183 P.3d 861). Our case law reflects this standard: if the Defendant has notice with ample time to challenge the previous conviction on which the State relies, there is no prejudice to the substantial rights that the statute protects. The facts that distinguish our prior cases are not material to the rationale for their holdings. Although McQuiston, Shults, and Ramsey all had some earlier indication that the State intended to seek PFO designation, in each case this Court relied on the ample time between filing of the notice and sentencing to conclude that the defendant had not been prejudiced. *See McQuiston*, 277 Mont. at 409, 922 P.2d at 527; *Shults*, ¶ 23; *Ramsey*, ¶ 21. So too, here: Gardner had notice four months before his sentencing hearing.

¶33 Gardner does not contend that he lacked adequate opportunity to confirm or challenge his prior felony record on which the State relied or that the untimely notice affected his decision to confirm a jury trial. Nor does he claim that he did not meet the definition of a persistent felony offender. The purposes of the statute, as explained in the Commission Comments, were minimally satisfied: Gardner's jury was not informed of his potentially prejudicial criminal history, and Gardner had notice of the potential PFO designation with "ample" time to challenge it or otherwise prepare for sentencing.

Although I do not condone the State's failure to meet the omnibus deadline set forth in the statute, Gardner has not developed an argument explaining how the record before the trial court reveals prejudice. The District Court found that Gardner unquestionably met the definition of a PFO under § 46-1-202(18), MCA, which he did not dispute, despite having ample opportunity to do so.

¶34 To be clear, a trial court has discretion to deny PFO designation if the State does not timely file its notice and fails to show good cause under § 46-13-108(1), MCA. A defendant who appeals the court's allowance of an untimely PFO designation, however, must demonstrate prejudice from the record to warrant reversal, as required by § 46-20-701(1), MCA. Gardner has not done so. *See Ankeny*, ¶¶ 16-23 (affording discretion to trial court's grant of relief from waiver for the State's failure to seek joinder of offenses by not raising it at or before the omnibus hearing).

¶35 As we noted in *Running Wolf*, "PFO designation and accompanying enhanced sentences are reserved for those recidivists who fail to take advantage of the opportunity to reform their behavior and are deserving of the consequences of engaging in persistent criminal conduct." *Running Wolf*, ¶ 26 (citing *Shults*, ¶ 31). In my view, Gardner has not shown why his 2022 sentencing under enhanced PFO penalties—for his third violent felony conviction since 2016—is contrary to the statutory purpose. I would affirm.

/S/ BETH BAKER

Justice Jim Rice joins in the dissenting Opinion of Justice Beth Baker.

/S/ JIM RICE

16